McFarland, J.,
delivered the opinion of the court.
During the late war, the United States military forces being in possession of Memphis and of the railroads then running into the city — constructed for mil *497 itary purposes a temporary track along Vance street, in the city, connecting the road of the Mississippi & Tennessee Railroad Company and the depot of the Memphis & Charleston road. It is not assumed that the charter of either of said companies, authorized a track to be laid along the street in question. Sometime prior to November, 1865, an officer of the United States Government, by authority, rented or hired* certain engines and cars belonging to the Government to said Mississippi & Tennessee Railroad Company, the company then having possession of the road, and as it is claimed this officer gave the company permission to use the track for certain purposes. About the 25th of November, 1865, an engineer in the employ of said railroad company, and by the direction of its superior officers ran, one of the engines hired from the government, upon the temporary track on Vance street, for the purpose of running to the depot of the Memphis & Charleston Railroad. While passing over this track, Frances Wilson, a child about three years of age was struck by the engine and injured. For this injury these actions were brought; one, by the child by next friend, the other by the father, for expenses, etc., incurred by him. By consent the causes were heard together and resulted in verdicts and judgments for the plaintiffs, and a new trial -being refused, the railroad company have appealed in error. .
The substance of the charge, which* is assigned as error is this: That the Military Department of the United States Government had the right to construct *498 and use the track in question, but that the defendant had not this right, and if at the time of the injury the defendant was running the engine over the track for its own uses and purposes and not for the uses and purposes of the United States military; then the company was a wrong-doer from the time of entering the street with the engine, unless it he shown to have had permission to do so from the municipal authorities of Memphis, and if the injury resulted to the plaintiff in consequence, the defendant would he liable. That a license or permission obtained by the company from the United States officer from whom the engines and cars were hired, to pass over this track for the purpose of reaching the depot of the Memphis & Charleston road, would be no protection.
We think no question can be made as to the right of the United States military to construct this track and use it for military purposes, and when so used by the military or under their orders those engaged in the act are not to be regarded as wrongdoers. On the other hand, we take it to be equally •clear that the officer hiring or leasing the engines and cars to the defendant had no authority to give to the defendant a license to use this street as a part of their road to be used by them for their own use and profit, so as to vest the company with this franchise as against the public, dr the State, or municipal authorities. The right of the government was only to use this track for its own purposes and could not be extended to private parties, and therefore the case of defendant is not aided by the per *499 mission or license claimed to have been given by the officer referred to.
We are further of opinion that the defendant would not have the right to construct or use a road for the ordinary purposes for which said roads are used through a public street of a city, when not authorized to do so by their charter. Such use of the public street would be a wrong against which the public would be entitled to relief. And their right to so use the street may be enquired into in an action against the company by a private individual, whenever the question becomes material. It is no doubt true, as argued, that the mere passage of an engine along the public streets of a city, is not necessarily a nuisance. Streets are public thoroughfares common to all persons, to be used in the ordinary mode in which the streets of a city are used, and cases can be readily supposed, where the passage of an engine along a public street would not be unlawful. The case suggested by the counsel for the plaintiff in error is an instance. The company might purchase a locomotive to be delivered by water transportation at the wharf on the river, from this point it might be drawn through the streets to their depot or track. It is plausibly argued that it must be equally lawful to propel the engine by steam, along an iron track, through the street when the speed is but little, if any, greater than carriages and .wagons are driven. On the other hand, while streets are common to all persons for travel and transportation in the ordinary mode, yet it is certainly clear that it is not usual *500 for the public streets to be used by the railroad companies for the passage of engines and cars in the same mode they travel over their regular track. Their immense weight, the velocity and irresistible force with which they are capable of moving, would make them exceedingly destructive and dangerous to other persons and vehicles travelling along the streets of a city. The fact that the route along which their track is to be constructed is always defined in their charter, would exclude the idea that they might lay their track along a public thoroughfare not authorized by their charter.-
In this case it appears that the company were not transporting freight or passengers over their track, but there being no engine house or shed at their depot, this track was used for the purpose of reaching the depot of the Memphis & Charleston Road with the engines, either for repairs or for shelter, or for other cause. On this occasion, the engineer thinks he was going after more “rolling stock,” but is not certain. It appears, however, that the track was habitually used for the purposes stated, as the engineer in his testimony says, the engine was kept in the Memphis & Charleston depot yard, and he also speaks of his habit as to sounding the whistle or bell when passing over this street. While, therefore, it does not appear that the company used this track for all the purposes they used their own track, yet they did use it, so far as their necessities seem to require, for (in part) the same purposes and in the same mode. We do not see that *501 their use of it bad any' connection with the military services of the United States Government, but on the contrary, they were using it for their own purposes.
If the particular trip in question over this track was a lawful use of the street, then, any number of trips- they might see proper to make, would have been equally lawful, during the entire time the track was suffered to remain on the street, notwithstanding the use of it may ' have been abandoned by the United States Government. Nor would they be restricted to any particular mode of using the track, unless the precautions prescribed by the Code should apply, which would hardly be sufficient in a case of this character. It is true, if the company claimed as a part of their franchise the right to so use this street, the present parties ai’e not the ones to have this franchise declared void or surrendered; but such is not this case.
It is argued that the track itself is not a nuisance, as it was constructed by the United States Government under the rights it "possessed to so construct' and use it, and this is no doubt so. It is further argued that the United States Government being in the lawful possession of this-track, if any other party should trespass upon it, the United States would be the only party that could complain. The United States would certainly be the only party that could complain of the tresspass, so far as it affected their rights, but the right ■ of the United States consisted simply in the ownership of the material of which 'the track was constructed, and the- right of way *502 through the street, which it had assumed. But when its engines and cars were not actually upon the track, or they were not in some way using it, the entire street remained for the use of the public, as well the part covered by the track as any other portion, and the unauthorized use of the track by the railroad whether it was a trespass upon the rights of the United States or not, was a use of the street which this company was not authorized to make, and an obstruction of the public travel thereon. Because the government used the track and obstructed the travel of the public, this did not authorize all others to do so.
It is objected that the Circuit Judge instructed the jury that the railroad company were not authorized to use this track, and move their engines over it, unless authorized to do so by the municipal authorities of Memphis. If this be error, it is only an abstract one, and one that could not have injured the defendant below. It is not material to inquire whether the Legislature or municipal authority of Memphis, either or both, could have granted this privilege. It is not claimed that either power did in fact do so.
We concur with the Circuit Judge that the company, at the time of the injury, were using the street in an unauthorized manner, and are responsible for the injury resulting.
No other ground for reversal being urged, the judgment will be affirmed.